(76 South. 598)

No. 22624.

CITY OF NEW ORLEANS v. PIAZZA.

(June 30, 1917. Rehearing Denied Oct. 29, 1917.)

*(Syllabus by the Court.)*

MUNICIPAL CORPORATIONS ☜➡594(5)—RENTAL OF PROPERTY—INVALIDITY OF ORDINANCE.

An ordinance of the city council which forbids the owner or agent of property to rent same to a prostitute, but does not forbid him to rent his property for purposes of prostitution, is null and void.

O'Niell, J., dissenting.

Appeal from Recorder's Court of New Orleans; Louis Burthe, Jr., Recorder.

Willie V. Piazza was convicted of the violation of an ordinance of the City of New Orleans, and she appeals. Judgment reversed, and defendant discharged.

Feitel & Feitel, of New Orleans, for appellant. I. D. Moore, City Atty., and John F. C. Waldo and George F. Bartley, Asst. City Attys., all of New Orleans, for appellee.

SOMMERVILLE, J. This case is similar to the one just decided, under the number 22625, entitled City of New Orleans v. Sweetie Miller, Lucille White, and Minnie Williams, 76 South. 596,[1] except that there are two affidavits made against this defendant; where, in the other case, only one affidavit was made against those defendants.

This defendant is charged, in addition to being charged under section 1 of the ordinance referred to in the other case, as follows:

"That on Thursday, the 1st day of March, 1917, at about 9 o'clock a. m. on premises 317 North Basin street, within the jurisdiction of this court, one Willie V. Piazza did then and there willfully violate C. O. 4118, C. C. S., § 3, relative to being the owner of house of prostitution, 317 North Basin street, all against the peace and dignity of the city of New Orleans. "Wherefore the deponent charges the accused with violating C. O. 4118, C. C. S., § 3, and prays that she be arrested and dealt with according to law."

This defendant is charged as being the owner of a house located at 317 North Basin street, which is outside of the limits mentioned in section 1 of the ordinance; and perhaps with having rented or leased same to colored prostitutes, but not with having leased it for purposes of prostitution.

Section 3 of the ordinance reads:

"From and after the 1st day of March, 1917, it shall be unlawful for any person or persons, whether the agent or owner, to rent, lease or hire any house, building or room to any woman or girl notoriously abandoned to lewdness, of the colored or black race, or for immoral purposes, outside of the limits specified in section 1 of this ordinance."

Section 3, like section 1, exceeds the authority of the commission council. It does not forbid the renting or leasing houses and rooms for purposes of prostitution by the tenant. It does not attempt to regulate prostitution in any way. It forbids the owner or agent of the house to lease or hire a house or room to a woman or girl notoriously

---

[1] Ante, p. 163.

abandoned to lewdness. As was said in the other case, decided this day, prostitutes are entitled to live where they please, provided they are not occupying houses of prostitution, where they carry on their calling, outside of limits designated by the council. And the owner or agent of a house has the right to rent it to whomsoever he pleases, provided that there is not therein established a vocation, calling, or business which is prohibited by law.

Further, section 1 having been declared null and void, and section 3 being dependent upon it to ascertain the limits of the district referred to therein, it must be declared null and void also.

For the above reasons, and for those given in suit numbered 22625, it is ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and that defendant be discharged without day.

O'NIELL, J., dissents.